J-A07014-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| JENNIFER M. STRAW AND THOMAS P. STRAW, INDIVIDUALLY AND AS CO-ADMINISTRATORS OF THE ESTATE OF ELIJAH C. STRAW, DECEASED; AND ROWAN J. STRAW, A MINOR, BY AND THROUGH HIS PARENTS AND NATURAL GUARDIANS, JENNIFER M. STRAW AND THOMAS P. STRAW, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPELLANTS | |
| v. | |
| KIRK A. FAIR AND GOLON MASONRY RESTORATION, INC. | |
| v. | |
| PITTSBURGH LUBES, INC. T/D/B/A JIFFY LUBE, TOWER AUTO SALES & SERVICE, NATIONAL AUTOMOTIVE PARTS ASSOCIATION-NAPA AUTO PARTS T/D/B/A/ NAPA | |
| v. | |
| THOMAS P. STRAW | |
| | No. 762 WDA 2016 |

Appeal from the Judgment Entered April 28, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  G.D. NO. 2013-003294

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    FILED  MAY 1, 2018

*Retired Senior Judge assigned to the Superior Court.

Cross-Appellants, Jennifer M. Straw and Thomas P. Straw, individually and as co-administrators of the Estate of Elijah C. Straw, a deceased minor, and Rowan J. Straw, a minor, by and through his parents and natural guardians, Jennifer M. Straw and Thomas P. Straw (hereinafter, collectively, "Cross-Appellants") filed a cross-appeal from the trial court's May 18, 2016 order, which denied Cross-Appellants' motion for sanctions.

On April 30, 2018, in a companion appeal, this Court held that the trial court erred in granting the motions for summary judgment filed by Pittsburgh Lubes, Inc. d/b/a Jiffy Lube (hereinafter "Jiffy Lube"); Tower Auto Sales and Service (hereinafter "Tower Auto"); National Automotive Parts Association – NAPA Auto Parts (hereinafter "NAPA Auto Parts"); and Thomas P. Straw. Therefore, this Court was constrained to vacate the judgment and remand this case for a new trial. In light of that ruling, the current appeal is moot.[1]

_____

[1] Following trial, Cross-Appellants filed a "Motion for Sanctions" against Defendants Kirk A. Fair and Golon Masonry Restoration, Inc. (hereinafter "Defendants"). The motion sought "sanctions for Defendants' failure to disclose, prior to and/or during the trial of this case, Defendant Fair's November 2, 2015 and November 20, 2015 criminal arrests." Cross-Appellants' Motion for Sanctions, 1/27/16, at 1. According to Cross-Appellants, had they known of Defendant Fair's arrests, they "would not have agreed to [postpone] the punitive damages phase of this litigation." Id. at 5. Cross-Appellants thus requested that the trial court schedule an "immediate trial on the issue of punitive damages." Id. at 8. The trial court denied Cross-Appellant's motion on May 18, 2016 and this cross-appeal follows.

(Footnote Continued Next Page)

Appeal dismissed.  Jurisdiction relinquished.

Judge Strassburger joins.

Judge Stabile notes dissent.


Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/1/2018

_____

(Footnote Continued) ————————————————

In light of this Court's April 30, 2018 ruling, wherein we vacated the judgment and remanded the case for a new trial, the current appeal is moot because Cross-Appellants may pursue their punitive damages claims on remand.  See N.T. Trial, 12/15/15, at 1201-1202 (Cross-Appellants declared that they were withdrawing their punitive damages claim "without prejudice" to their right to assert the claim if the case were to be remanded following an appeal and, after they declared that they would withdraw the claim, counsel for Golon Masonry declared:  "[w]e would agree to waive [the punitive damages claim] now and allow the [P]laintiffs to bring it back up if the case is remanded.  That's fine.").